UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| :MARVIN-JAY: HOCHSTETLER and )<br>:MONTE-EDWIN: MUELLER,           )<br>                                                        )<br>      **Plaintiffs,**                            )<br>                                                        )<br>      v.                                              )<br>                                                        )<br>LAKE CITY BANK,                          )<br>                                                        )<br>      **Defendant.**                          ) | CAUSE NO. 1:12-CV-458 |

## OPINION AND ORDER

On December 27, 2012, Plaintiffs Marvin Jay Hochstetler and Monte Edwin Mueller[1] filed a *pro se* Complaint against Defendant Lake City Bank. (Docket # 1.) Attached to the Complaint is a copy of a mortgage between Hochstetler and Lake City Bank. (*See* Compl. 14-20.) Although this gives the Court some basic idea as to the nature of this action, the Complaint itself remains utterly incomprehensible and nonsensical.[2] (*See* Compl. 1-13.)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain each of the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[1] The Court in the balance of this Opinion and Order is spelling the Plaintiffs' names in the usual and customary way. The Court has attempted to use their stylized spelling in the caption.

[2] The mortgage is comprehensible, but Plaintiffs have covered it with incomprehensible annotations.

FED. R. CIV. P. 8(a).  The second requirement is intended to provide the defendant with "fair notice" of the plaintiff's claim and its basis.  *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012).  Moreover, "[e]ach allegation must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  At the same time, courts must construe *pro se* complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citations omitted).

In the instant case, however, even when construing the *pro se* Complaint liberally, none of Rule 8(a)'s requirements are met.  Amongst the thirteen pages of single-spaced, underlined, randomly bolded, and incoherent text, the Court is completely unable to discern either the grounds for its jurisdiction, Plaintiffs' claim or claims for relief, or the relief they seek.  Furthermore, its allegations are anything but "simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  Rather, the Complaint is unintelligible and "exhibits 'the lack of organization and basic coherence [that] renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct.'"  *Lawrence v. Sec'y of State*, 467 F. App'x 523, 524 (7th Cir. 2012) (unpublished) (quoting *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011)).  As such, the Complaint also fails to provide sufficient notice to Defendant.  *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) (stating that an unintelligible complaint "fails to give the defendant the notice to which he is entitled").

Instead of waiting for Defendant to waste time and resources responding to this Complaint, Plaintiffs are given up to and including February 12, 2013, to file an amended complaint that complies with the requirements of Rule 8(a).  If Plaintiffs either fail to file an amended complaint or fail to file one that meets Rule 8(a)'s pleading requirements by this

deadline, the Court may, *sua sponte*, dismiss this action without prejudice. *See Stanard*, 658 F.3d at 797-98 (stating that unintelligibility is a legitimate reason for rejecting a complaint); *Davis*, 269 F.3d at 820 (noting that "[t]he dismissal of a complaint on the ground that it is unintelligible is unexceptionable").

    The Clerk is directed to send a copy of this Opinion and Order to each Plaintiff at their last known address.

    SO ORDERED.

    Entered this 28th day of January, 2013

                                      /S/ Roger B. Cosbey
                                      Roger B. Cosbey,
                                      United States Magistrate Judge