UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| :MARVIN-JAY: HOCHSTETLER., and )<br>:MONTE-EDWIN: MUELLER., )<br>      Plaintiffs, )<br>                      )<br>     v.                )<br>                      )<br>LAKE CITY BANK, )<br>      Defendant. ) | No. 1:12 CV 458 |

### OPINION and ORDER

Plaintiffs Marvin Jay Hochstetler and Monte Edwin Mueller, (spelling their names in the ordinary way, not the stylized method used in the complaint, as shown in the caption above), filed this action against defendant Lake City Bank ("LCB"). Just like at least three other cases filed by Mr. Mueller jointly with other plaintiffs in this district, the document initiating this case, inclusive of attachments, is comprised of nearly two dozen pages of incomprehensible gibberish.[1][2] As a result, Magistrate Judge Cosbey ordered plaintiffs to file an amended complaint that complied with RULE 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE by February 12, 2013, giving them explicit notice that this action would otherwise be dismissed without prejudice. That deadline came and went, and plaintiffs filed nothing. That prompted LCB to do two things.

---

[1] The last attachment, beginning at CM/ECF page 14, appears to be all or part of a real property mortgage to which plaintiff Hochstetler and defendant Lake City Bank are parties. This document itself is not unintelligible, but it is covered with unintelligible annotations.

[2] By using the national PACER system, the court has determined that Mueller has filed approximately nine similar nonsensical complaints in other districts as well.

First, it filed a motion requesting that any dismissal be with prejudice, not without. (DE # 11.) LCB essentially argues that having been given an opportunity to cure the deficiencies in the complaint by failing to do so, plaintiffs should not be allowed to later trouble LCB with a new complaint. Second, LCB filed a motion for sanctions against both plaintiffs, after complying with the RULE 11(c)(2) "safe harbor" provisions. (DE # 14.) Plaintiffs have not responded to either motion.

The court considers these motions against the defendants as individuals, not jointly. Speaking to plaintiff Hochstetler first, it is a rare case in which a court should dismiss a confusing complaint with prejudice. *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 749 (7th Cir. 2005). This would seem especially true given the leniency afforded a *pro se* plaintiff, like Hochstetler, and the court has two reasons to think that dismissal with prejudice is not appropriate. First, it is not clear to which claims prejudice might attach, since it is impossible to determine what claims Hochstetler might be attempting to assert in the complaint.

Second, it may be that Hochstetler does have some viable claim against LCB, but has been taken in by whatever snake oil Mr. Mueller is peddling. Should plaintiff Hochstetler choose to begin communicating in standard American English, and file a complaint asserting a viable claim, either pro se or by an attorney, the court does not believe the present misguided action should be a bar. For much the same reasons, and given that the court is not aware of Hochstetler having pursued any litigation similar to the present case, the court also does not believe it would be appropriate to sanction him.

LCB's motions, as to Hochstetler, will be denied, and the action will be dismissed without prejudice.

As to plaintiff Mueller, the situation is different. This is the rare case—ironically, rare because it is in substance identical to so many other cases filed by Mueller—in which a dismissal with prejudice is appropriate. More than that, it also appears that some type of sanction is warranted, given that it appears that Mueller has no actual dispute with LCB, but instead, as indicated by his prior similar suits against other defendants, is fomenting litigation such as in this case. With no real claim, his only intent would seem to be to harass LCB, and the other defendants he has sued, and past dismissals here and elsewhere have not deterred him. Abuses of the judicial system should not be tolerated, and should instead be sanctioned. *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). A district judge has the power to enjoin frequent litigators from filing frivolous suits. *In re Chapman*, 328 F.3d 903, 905-06 (7th Cir. 2003).

In another case in this court, *Srivastava v. Daniels*, 2:10 CV 53, Chief Judge Simon applied the five factors from *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) to determine whether an injunction screening further litigation was appropriate. The undersigned has used the same factors to determine whether to sanction/enjoin Mueller's apparent associate, David Wynn Miller, *see Borkholder v. National City Mortgage*, 3:12 CV 747, DE # 7, and will do so here. First, Mueller has a substantial history of filing vexatious, harassing and nonsensical complaints. When he has been given the opportunity by the court to amend his pleading, he has failed to do so. In the

present case, LCB's motion for sanctions gave him the opportunity to withdraw his complaint, and he chose not to do so. Second, the court concludes that Mueller cannot have an objective, good-faith belief in prevailing, as shown by the incomprehensible complaint he filed in this case, just like in others. Third, he has pursued all of his cases *pro se*. Fourth, he has caused needless expense to LCB, and to other defendants, and has burdened this court with his incoherent complaints. Last, based on his repeated abuse of the judicial process, and willingness to continue paying filing fees despite the known certainty that his incomprehensible complaints will be dismissed almost immediately, it does not appear that any other sanction, including a monetary sanction, would be effective to deter him. Therefore, the court will grant LCB's motion for a sanction, which will be imposed in the form of an injunction preventing further harassing litigation.

For the foregoing reasons, defendant's motions (DE # 11; DE # 14) are **DENIED** as to plaintiff Hochstetler, but **GRANTED** as to plaintiff Mueller; and this action is **DISMISSED** without prejudice as to plaintiff Hochstetler, but with prejudice as to plaintiff Mueller. In addition, the clerk is **ORDERED** that for any new or removed complaint filed by Monte Edwin Mueller in any division of this court:

    1. Mueller must pay a new filing fee and the case should be given a new case number;

    2. The clerk shall create and maintain a miscellaneous file with the general title "In re Monte Edwin Mueller." This miscellaneous file shall serve as the repository of this order, all documents filed by Mueller covered by the terms of this order for which authority to file is not granted, and any order or minute order entered pursuant to this Order. The clerk shall also maintain a miscellaneous docket associated with the file. All orders retained in the file shall be entered on that docket following standard docketing

procedures. A brief entry shall be made on the docket indicating the receipt of any materials from Mueller;

      3. Whenever Mueller, or any person purporting to act for him who is not a member of the bar of this court, proffers a document for filing, the clerk shall accept the papers, stamp them "received" (rather than "filed"), and forward them to the undersigned judge for review;

      4. The undersigned judge, or any judge or magistrate judge of this court with authority to act in his place, will examine any documents tendered by Mueller and determine whether or not they should be filed. Leave to file will be denied if the documents are merely duplicative of matters already litigated or currently pending, or are legally frivolous. In particular, but not only in such instances, leave will be denied when the documents are drafted in the same incomprehensible style as the complaint in the present (and prior) cases;

      5. If the court enters an order denying leave to file the documents, the clerk shall retain the order and a copy of the documents in the miscellaneous file and cause a copy of the order to be mailed to Mueller;

      6. If the court enters an order granting leave to file the materials, the clerk shall cause the materials to be stamped "filed" as of the date of the order and shall assign the case in the manner provided by local rules. The clerk shall also mail a copy of the order to Mueller;

      7. This screening requirement shall not apply to filings in cases already pending in this court as of this date, nor to filings appealing this order. This order may be modified as equity requires. This order shall expire on May 15, 2016 without further order of this court, but if this order does not accomplish its intended purpose, the court may consider modifying or extending it.

                                     **SO ORDERED.**

Date: May 2, 2013

                                       s/ James T. Moody
                                       JUDGE JAMES T. MOODY
                                       UNITED STATES DISTRICT COURT